UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Marc Felix Jr. et al.[1]

    v.                                                Civil No. 13-cv-432-JL

Janet Napolitano, Secretary,
United States Department of
Homeland Security/Immigration
and Customs Enforcement et al.[2]


**REPORT AND RECOMMENDATION**


      Before the court is Marc Felix's complaint (doc. no. 1). Felix is an alien detained pending deportation at the Strafford County House of Corrections in Dover, New Hampshire. Felix asserts that defendants, the federal officials under whose authority he is detained, have violated his constitutional

---

[1] Felix asserts this action on behalf of himself, eight prisoners incarcerated at the LaSalle Detention Facility in Jena, Louisiana, identified as: Benvenido Tocays, Mackendy Calice, Jean Francois, Henry Pierre, Voltaire Raynold, Sansoir Francois, David Decayette, Chandeleur Celestin; and "a class of similarly situated individuals."

[2] Felix names as defendants to this action: Janet Napolitano, former Secretary of the United States Department of Homeland Security ("DHS") and its department of Immigration and Customs Enforcement ("ICE"); John Morton, Former ICE Director; Kenneth C. Smith, ICE San Diego Field Director [Gregory J. Archambeault, head of ICE Enforcement and Removal Operations in San Diego]; and Todd Thurlow [Assistant Field Office Director – ICE Boston Field Office]. As explained in this report and recommendation, the narrative of the complaint also indicates Felix's intent to name Mr. Churchill of the ICE Boston Field Office as a defendant to this action.

rights.  The matter is before the court for a preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted.  See 28 U.S.C. § 1915A(a); LR 4.3(d)(2).

Additionally, Felix's complaint contains a request for preliminary injunctive relief.  That request has been referred to this court for consideration and a recommendation as to disposition (doc. no. 6).

I.  Preliminary Review

A.  Standard

Pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915A(a), the magistrate judge conducts a preliminary review of pro se in forma pauperis complaints before defendants have an opportunity to respond to the claims.  The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See 28 U.S.C. § 1915A(b); LR 4.3(d)(2).

In determining whether a pro se complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (20007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).  To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

B.  Background

Marc Felix lawfully entered the United States from Haiti in 1972 and later obtained lawful permanent residence status.  Felix was convicted of drug distribution in Massachusetts in 2004.  After his conviction, and after fully utilizing his hearings options before an Immigration Judge and the Board of Immigration appeals, Felix received a final deportation order on May 24, 2013.[3]

---

[3]Felix does not challenge his deportation in this action.

On June 29, 2012, while incarcerated in Massachusetts, and apparently believing at that time that he was likely to be deported to Haiti, Felix informed an agent of the United States Department of Homeland Security/Immigration and Customs Enforcement ("ICE"), that he wanted certain vaccinations prior to his deportation. Felix requested routine and other vaccinations to protect him against infectious diseases that are prevalent in Haiti. Felix has offered to pay for the vaccinations. Felix states the vaccinations he requested have been recommended by the Centers for Disease Control ("CDC") and the United Nations Human Rights Council ("UNHRC"), for all travelers to Haiti. The ICE agent consulted with her supervisor, and then reported to Felix that the CDC and UN HRC recommendations were only for United States citizens and that ICE is not required to provide vaccinations for Felix as he is not a United States citizen.

On December 30, 2012, Felix again requested vaccinations and was again told that since his is not a citizen, he is not entitled to immunizations. ICE agents informed Felix that it was not their job to see to his vaccinations, only to put him on a plane to Haiti. On January 15, April 20, June 26 and June 29, 2013, Felix submitted written requests to a "Mr. Churchill," the supervisor of the ICE Boston Field Office located in Burlington,

Massachusetts.  Felix did not receive any response from Churchill.

Felix states that upon his return to Haiti, he will be subject to immediate imprisonment, as the Haitian government has a policy of indefinitely incarcerating criminal deportees. Further, Felix has no family in Haiti, a fact which he states will subject him to a longer period of incarceration.  Felix points to the United States Department of State's findings, in its country report on Haiti, that the spread of contagious diseases within Haitian prisons is a serious problem.  Felix states that he has unspecified health problems which render him particularly vulnerable to the life-threatening diseases he would be exposed to without pre-deportation vaccination.

C. Discussion

A. Multiple Named and "Class" Plaintiffs

There are eight named plaintiffs in this action.  Only Felix's signature appears on the complaint, although the complaint contains one or more facts ostensibly asserted by or on behalf of each of the named plaintiffs.  A pro se party must personally sign a complaint filed on his or her behalf.  See 28 U.S.C. § 1654; Fed. R. Civ. P. 11(a).  Further, a pro se plaintiff may not an action on behalf of any other party, or on behalf of a class of plaintiffs.  See 28 U.S.C. § 1654; LR

83.6(b) ("Pro se parties must appear personally" and "may not authorize another person who is not a member of the bar of this court to appear on his or her behalf").  Accordingly, the court recommends that all of the plaintiffs other than Felix be dismissed from this action.[4]

    B.   Denial of Vaccination

        1.   42 U.S.C. §§ 1981, 1983

Felix frames his claim against defendants as a violation of the Fifth Amendment's Equal Protection Clause, actionable under 42 U.S.C. §§ 1981 and 1983, alleging that he was subject to discrimination when ICE officers denied him pre-deportation vaccinations on the basis that he was not a United States citizen.  The equal protection claim is discussed below, but as an initial matter, the court notes that sections 1981 and 1983 provide a cause of action to plaintiffs who allege that their rights have been violated by individuals acting under color of state law.  Felix has sued defendants alleged to have acted under color of federal law.  His section 1981 and 1983 claims should therefore be dismissed.

---

[4] If approved, the dismissal of all of the plaintiffs except Felix should be without prejudice to individual or class plaintiffs either appropriately joining this action, or filing a separate action.

      2.   <u>Bivens</u>

Claims alleging constitutional violations perpetrated by individuals acting under color of federal law arise under <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 430 U.S. 338 (1971). The court thus construes the claims asserted in this action to arise under <u>Bivens</u>.

          a.   <u>Equal Protection</u>

Felix alleges that he was denied equal protection by virtue of the enforcement of an ICE policy which excludes only aliens from entitlement to pre-deportation vaccination, and not United States citizens. See <u>Kandamar v. Gonzales</u>, 464 F.3d 65, 72 (1st Cir. 2006) ("aliens are entitled to equal protection of the law under the Fifth Amendment"). United States citizens, however, are not deportable, and thus it is unlikely that ICE maintains a policy that singles out non-citizens for the denial of pre-deportation vaccination. Felix has not asserted a plausible claim of equal protection, in that he cannot show that a discriminatory policy was at work in denying pre-deportation vaccinations only to non-citizens. Felix's equal protection claim should therefore be dismissed.

       b.    <u>Failure to Protect</u>

Felix asserts claims against certain ICE officials, asserting that his Fifth Amendment due process rights were violated by the defendants' failure to protect him from a known risk of serious harm when they denied him access to vaccinations prior to his deportation to Haiti. To demonstrate a constitutional failure to protect claim, plaintiff must assert that he faced a substantial risk of serious harm, and that a defendant official, who was subjectively aware of the substantial risk of serious harm, acted, or failed to act, in disregard of that risk, and failed to take reasonable measures to protect him from harm. Farmer v. Brennan, 511 U.S. 825, 828-29 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u> at 837.

At this early stage, the court accepts as true Felix's assertions that it is commonly known that convicted criminal deportees are incarcerated upon their return to Haiti, and that within Haitian prisons, there exists significant risk of infection from contagious diseases that are rampant within the prisons. Further, the court accepts as true Felix's allegation that he advised Churchill at the ICE Boston Field Office, the

office that bears responsibility for ICE detainees in New Hampshire, of his need for vaccinations, and that the ICE office refused to provide them.  The allegations plausibly assert that a responsible ICE official had knowledge of, and disregarded, a significant risk of serious harm to Felix and are sufficient to allow this action to proceed against Churchill.  Churchill is not specifically identified as a defendant in the caption of Felix's complaint, but the court construes the complaint as intending to name him as a defendant, and finds the facts asserted in the complaint sufficient to support that construction.  In an order issued simultaneously with this report and recommendation, the court directs service of this action upon Churchill.

    C.   Other Defendants

Felix names Janet Napolitano, the former ICE/DHS Secretary, John Morton, the former ICE director, Kenneth C. Smith, the ICE San Diego Field Director, and Todd Thurlow, as defendants to this action.  Felix has not identified any acts attributable to these individuals sufficient to state any claim against them in their individual capacities.  To the extent Felix intends to name those individuals in their official capacities as agents of the United States, a Bivens claim lies neither against the United States, federal agencies, nor federal officers sued in

9

their official capacities.  See Chiang v. Skeirik, 582 F.3d 238, 243 (1st Cir. 2009).  Accordingly, the named defendants should be dismissed from this action.

## II.  Preliminary Injunction

In his complaint, Felix requests a preliminary injunction directing the defendant to make vaccinations available to him prior to deporting him to Haiti.  Felix asserts that the vaccinations requested would be at his own expense.  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011).

The court finds, based on the information available to it at this early stage of the proceedings in this case, that Felix's allegations are sufficient to warrant an evidentiary hearing.  Accordingly, in the order issued simultaneously with this report and recommendation, the court directs the Clerk's office to schedule a hearing on this matter after giving

defendant an opportunity to respond to the request for injunctive relief.

## Conclusion

For the reasons set forth in this report and recommendation, the court recommends that all of the plaintiffs, other than Felix, be dismissed from this action without prejudice. With the exception of Felix's failure to protect claim against Churchill, the defendants and claims in this action should be dismissed. In an order issued simultaneously with this report and recommendation, the court has directed service of Felix's failure to protect claim and has scheduled an evidentiary hearing on his request for a preliminary injunction.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district

court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

October 25, 2013

cc: Marc Felix Jr., pro se

LM:jba