UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Marc Felix Jr. et al.

   v.                                                     Civil No. 13-cv-432-JL

Janet Napolitano, Secretary,
United States Department of
Homeland Security/Immigration
and Customs Enforcement, et al.

**O R D E R**

Before the court for consideration is the magistrate judge's October 25, 2013, report and recommendation (doc. no. 8) in this matter.  Also pending before the court is plaintiff Marc Felix's motion (doc. no. 12) for leave to amend his complaint to add the signatures of other named plaintiffs to the complaint. For the reasons stated herein, the court now: (1) approves the report and recommendation (doc. no. 8); (2) denies the motion to amend (doc. no. 12); and (3) dismisses the claim pending in this court as moot.

**Background**

1.    Failure to Protect Claim

After conducting its preliminary review of the complaint (doc. no. 1) in this action, the magistrate judge issued an order (doc. no. 7) directing service of one claim in the

complaint that asserted that Brian Churchill had failed to protect Felix from harm, in violation of Felix's Fifth Amendment right to substantive due process.[1] As to that claim, Felix sought a stay of deportation and an injunction directing the defendant to provide him with certain vaccinations prior to his deportation to Haiti.

After holding a hearing on the requested injunctive relief, the magistrate judge, on November 18, 2013, issued a report and recommendation recommending that the requests for stay and an injunction be denied (doc. no. 23). That recommendation was approved and adopted by the district judge the same day. Felix was subsequently removed to Haiti.

On November 20, 2013, Felix filed a notice of appeal (doc. no. 25) of the denial of the stay and preliminary injunction. On May 22, 2014, the First Circuit issued the following order:

> After careful consideration, we dismiss the appeal. The appellant has already been removed, and we cannot grant effective relief. Since he has no legally cognizable interest in the resolution of the appeal,

---

[1] In the report and recommendation issued October 25, 2013 (doc. no. 8), the magistrate judge characterized the claim against Churchill as arising under Bivens v. Six Unknown Fed. Narcotics Agents, 430 U.S. 338 (1971). On November 15, 2013, the court issued an order (doc. no. 19) reframing Felix's cognizable claim as "a claim for an injunction, based on the federal courts' equity jurisdiction to enforce the dictates of the [Fifth] Amendment." Id. (internal quotation marks and citation omitted).

> the case is moot. We lack jurisdiction to decide moot cases. . . . The appeal is <u>dismissed</u>.

<u>Felix v. U.S. Dep't of Homeland Sec.</u>, No. 13-2445 (1st Cir. May 22, 2014) (internal citations omitted) (emphasis in original).

The claim served in this matter (doc. no. 1) sought only injunctive relief directing the government to make certain vaccines available to plaintiff prior to deportation to Haiti. Accordingly, because Felix has now been removed, his claim for pre-removal injunctive relief is moot. This court, like the First Circuit, lacks jurisdiction to decide moot cases. <u>See</u> <u>Am. Civil Liberties Union of Mass. v. U.S. Conference of Catholic Bishops</u>, 705 F.3d 44, 52 (1st Cir. 2013) ("The doctrine of mootness enforces the mandate that an actual controversy must be extant at all stages of the review, not merely at the time the complaint is filed." (internal quotation marks and citation omitted)); <u>see also</u> <u>Coll. Std. Magazine v. Student Ass'n of the State Univ. of N.Y.</u>, 610 F.3d 33, 35 (2d Cir. 2010) (per curiam) (mootness is an aspect of subject matter jurisdiction that the court must raise sua sponte). The failure to protect claim is therefore dismissed.

## II. Other Claims, Plaintiffs, and Defendants

The October 25, 2013, report and recommendation (doc. no. 8) recommended that all of the named plaintiffs other than Felix (eight individuals detained pending deportation and a "class of similarly situated individuals") be dismissed from this action. The magistrate judge also recommended dismissal of Felix's claims to the extent they were asserted under 42 U.S.C. §§ 1981 and 1983, and an equal protection claim arising under Bivens v. Six Unknown Fed. Narcotics Agents, 430 U.S. 338 (1971). After consideration of the relevant objections, the report and recommendation (doc. no. 8) is approved and the remaining plaintiffs, defendants, and claims asserted in the action are dismissed.

## III. Motion to Amend

Prior to this action being rendered moot, plaintiff sought leave to file an amended complaint to include the signatures of the other named plaintiffs. Because the claims against Felix are dismissed by this order, and because no proposed amended complaint was ever filed that included the signatures of any plaintiff other than Felix, see LR 15.1(a), the motion to amend is denied, without prejudice to any individual filing a complaint on his or her own behalf.

4

## Conclusion

For the foregoing reasons, the court now orders as follows:

1. The pending failure to protect claim is dismissed as moot.

2. The report and recommendation (doc. no. 8) issued October 25, 2013, is approved.

3. The motion to amend (doc. no. 12) is denied without prejudice to any individual plaintiff, other than Felix, filing a complaint on his or her own behalf, or to the filing of a class action.

4. The clerk is directed to enter judgment and close this case.

SO ORDERED.

_____
Joseph Laplante
United States District Judge

June 5, 2014

cc: Lawrence A. Vogelman, Esq.
    Timothy M. Belsan, Esq.
    Christopher W. Dempsey, Esq.